**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELMER LOPEZ-ORDENAS, | No. 14-70304 |
| Petitioner, | Agency No. A070-155-265 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Elmer Lopez-Ordenas, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Alphonsus v. Holder*, 705 F.3d 1031, 1050 (9th Cir. 2013), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider any challenge to the IJ's finding that Lopez-Ordenas is statutorily ineligible for asylum following the reinstatement of his prior removal order because he did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We similarly lack jurisdiction to consider Lopez-Ordenas' arguments regarding cancellation of removal or his class membership in *Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) because he failed to raise them before the BIA. *See id.*

Even if credible, substantial evidence supports the agency's denial of Lopez-Ordenas' withholding of removal claim because he failed to establish a nexus between any past or feared future harm and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, applicant must prove a protected ground is at least "one central reason" for persecution). We lack jurisdiction to consider Lopez-Ordenas' contentions regarding membership in a particular social group, as he did not exhaust them before the BIA. *See Barron*, 358 F.3d at 678.

Substantial evidence also supports the agency's denial of Lopez-Ordenas' CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if removed to Guatemala. *See Alphonsus*, 705 F.3d at 1049-50.

We reject Lopez-Ordenas' contentions that the agency failed to consider all of the evidence or relevant factors in assessing his claims. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (applicant must overcome a presumption that the BIA considered the evidence of record).

All pending motions and requests are denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**